## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | |
|---|---|
| NGOC HUYNH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. |
| | ) FILED: APRIL 30, 2008 |
| EXPERIAN INFORMATION SOLUTIONS, INC. ) | 08CV2471        PH |
| and CITIZENS AUTOMOBILE FINANCE, INC., ) | |
| | ) JUDGE GUZMAN |
| Defendants. | ) MAGISTRATE JUDGE SCHENKIER |
| | )    JURY DEMANDED |
| | ) |

## COMPLAINT

1.      Plaintiff Ngoc Huynh files this action seeking relief for Defendants' violations of

the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., ("FCRA") and Defendant Citizens

Automobile Finance, Inc.'s breach of a settlement agreement.

2.      The FCRA requires creditors to provide accurate information to credit reporting

agencies and to conduct proper investigations of disputed information. *See* 15 U.S.C. § 1681s-2.

3.      The FCRA also requires credit reporting agencies to report accurate information

and to conduct proper reinvestigations of disputed information. *See* 15 U.S.C. § 1681e(b) and §

1681i(a).

### *Parties*

4.      Plaintiff Ngoc Hyunh is an individual residing in this district.

5.      Defendant Experian Information Solutions, Inc. is a foreign corporation with a

registered agent in this district at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

6.      Defendant Citizens Automobile Finance, Inc. ("Citizens" or "Citizens Auto") is a

foreign corporation regularly doing business in this district through the purchase of automobile

retail installment contracts.

### Jurisdiction and Venue

7.      Federal question jurisdiction arises under the FCRA, 15 U.S.C. § 1681p. Supplemental jurisdiction over the state law claims exists pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this district because the acts giving rise to this action occurred here.

### Factual Allegations

9.      In April of 2005, Plaintiff Ngoc Huynh, a Vietnamese immigrant, was the victim of a fraudulent automobile financing scam.

10.      Without his knowledge, Westgate Lincoln Mercury assigned two retail installment contracts in Huynh's name, for the purchase of two Lincoln Navigators, to banks. One contract – for a 2005 Lincoln Navigator VIN 5LMFU27575LJ18525 – was assigned to Bank of America. The second contract – for a 2005 Lincoln Navigator VIN 5LMFU28535LJ22229 – was assigned to Citizens Auto Finance.

11.      On July 6, 2005, Ngoc Huynh filed a complaint against Westgate Lincoln Mercury, Citizens Auto Finance, and Bank of America, seeking relief from the fraudulently procured retail installment contracts. A copy of the complaint, assigned Case No. 05 C 3936, is attached hereto as Exhibit A.

12.      On or about February 14, 2006, Huynh sent a notice of dispute under the Fair Credit Reporting Act to Bank of America, Citizens Auto Finance, Equifax, Experian, and TransUnion. The dispute notice explained the pending litigation and requested that the tradelines for the Bank of America and Citizens Auto Finance automobile accounts be either deleted or, at a minimum, marked as disputed.

13.     On or about April 21, 2006, Westgate Lincoln Mercury filed a Motion to Dismiss and Clear Plaintiff's [Ngoc Huynh] Credit Reports in Case No. 05 C 3936. *See* Exhibit B. The Motion, presented by Westgate Lincoln Mercury, Citizens Auto Finance, and Ngoc Huynh, advised the court that all matters had been resolved pursuant to settlement and requested that the credit reporting bureaus delete any and all entries regarding the automobile transactions at issue.

14.     The certificate of service for the Motion shows that notice of the motion was provided to TransUnion, Experian, and Equifax. *See* Exhibit B.

15.     On or about May 1, 2006, no objection from TransUnion, Experian or Equifax being received, the court granted the parties' Motion to Dismiss and Clear Plaintiff's [Ngoc Huynh] Credit Reports.

16.     Despite the court order, on or about January 27, 2007, Citizens sent Huynh a "Notice of Repossession, Redemption Rights and Deficiency Balance Obligation Under State Law" as to the same 2005 Lincoln Navigator VIN 5LMFU28535LJ22229 that had been the subject of the federal lawsuit, Case No. 05 C 3936.

17.     The January 27, 2007 Notice falsely stated that Citizens had repossessed the Lincoln Navigator due to Huynh's default.

18.     On or about March 14, 2007, Citizens' Asset Recovery Department wrote Huynh another letter, once again stating that Huynh had defaulted on his obligation to pay pursuant to the terms of the retail installment contract for the Lincoln Navigator. Citizens claimed that the vehicle was "lawfully repossessed and sold at a private auction."

19.     Among other charges, including principal and interest, Citizens sought to collect repossession fees, an auction fee, and "other expenses."

3

20.    On or about March 22, 2007, Citizens sent Huynh yet another letter demanding payment. Citizens' March 22, 2007 correspondence claimed a balance due of $63,724.50, which included the repossession and auction fees. The March 22, 2007 letter went on to state that if Huynh did not accept one of the payment offers, Citizens could refer his account to its attorney or a collection agency for further action.

21.    In light of Citizens' continuing collection efforts, Huynh checked his consumer credit report and learned that Experian was still reporting the Citizens account as: "Account charged off. $64,790 written off. $72,526 past due as of Sep 2005."

22.    Additionally, Citizens apparently did refer Huynh's account out for collection, as threatened in its March 22, 2007 letter, because on or about May 14, 2007, Credit Collection Services in Newton, Massachusetts sent Huynh a collection letter demanding payment of $63,761.50 on the Citizens Automobile Finance account.

23.    Huynh promptly disputed the debt, explaining that the debt was not owed and advising Credit Collection Services to double-check his account with Citizens. Huynh's dispute letter to Credit Collection Services was sent by fax on June 1, 2007.

24.    In August of 2007, Huynh had trouble with his application for a home loan with MidAmerica Bank. When MidAmerica Bank pulled his credit report, Citizens was still reporting a past due amount owed of $72,526.

25.    Therefore, on or about September 10, 2007, Huynh followed up his dispute with Credit Collection Services with another dispute letter. This letter was sent via regular and certified mail, return receipt requested, to Citizens' Asset Recovery Department and the three national credit reporting bureaus – Equifax, Experian, and TransUnion.

26.     Huynh's September 10, 2007 dispute enclosed: (a) his previous February 14, 2006 dispute letter, sent to both Citizens and Experian; (b) the motion to clear Huynh's credit reports as to the Citizens Auto Finance account; and (c) the May 1, 2006 court order granting the motion to clear Huynh's credit report.

27.     On September 28, 2007, Experian confirmed that it had received Huynh's September 10, 2007 dispute and advised it had begun its investigation.

28.     Citizens' Asset Recovery Department also received Huynh's certified mail dispute, as evidenced by its return of a signed certified mail card.

29.     Despite its receipt of the dispute, on or about November 1, 2007, Citizens' Asset Recovery Department sent another letter to Huynh, threatening legal action to collect the alleged deficiency balance.

30.     When Huynh checked his Experian credit report on November 6, 2007. Experian reported that it had investigated Huynh's dispute with Citizens and "updated" its records. However, the report reflected Citizens as:

> Status: Account charged off.  $64,790 written off.  $63,761 past due as of Oct 2007.
> Account history:
> Charge off as of Oct 2007, Sep 2005
> This account is scheduled to continue on record until Jan 2012.
> This item was verified and updated on Oct 2007.

31.     As of January 30, 2008, Experian was still reporting a Citizens balance of $63,761.00 as a charge-off on Huynh's credit report.

32.     The Citizens' tradeline did not appear on Huynh's Equifax or TransUnion reports.

## COUNT I
### *Violations of the FCRA Against Defendant Experian*

33.    Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-32 as if set forth fully in this Count.

34.    Upon information and belief, Experian is a "consumer reporting agency," as that term is defined in § 1681a(f) of the FCRA.

35.    Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined in § 1681a(d).

36.    Experian violated § 1681e(b) of the FCRA by failing to establish or to follow reasonable procedures to ensure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

37.    Experian also violated § 1681i of the FCRA on multiple occasions by failing to, (a) properly reinvestigate disputed information, and (b) delete inaccurate information in the Plaintiff's credit file after receiving repeated notice of the inaccuracies.

38.    Despite being sent two consumer disputes and notice of a court motion to clear the Plaintiff's credit report, Experian has reported and continues to report inaccurate information about Ngoc Huynh's liability for the Citizens Automobile Finance account.

39.    Experian has caused Plaintiff to suffer actual damage by willfully and/or negligently reporting false credit information about Plaintiff in that Plaintiff had trouble obtaining financing, had to spend time, effort, and money trying to fix the problem, and was subjected to great stress, embarrassment, and anxiety.

40.    Experian's FCRA violations are willful and subject Experian to liability under § 1681n.

41.    Alternatively, or in addition to the preceding paragraph, Experian's FCRA violations are negligent and subject Experian to liability under § 1681o.

WHEREFORE, Plaintiff Ngoc Huynh respectfully requests that this Court enter judgment in his favor and against Defendant Experian and award the following:

(A)    Actual and/or statutory damages;

(B)    Punitive damages;

(C)    Reasonable attorneys fees and costs; and

(D)    Such other relief as the Court deems just and proper.

## COUNT II
### *Violations of the FCRA Against Defendant Citizens Auto*

42.    Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-32 as if set forth fully in this Count.

43.    15 U.S.C. § 1681s-2 prohibits a furnisher of information to consumer reporting agencies from reporting information relating to a consumer that it knows or has reasonable cause to believe is inaccurate.

44.    15 U.S.C. § 1681s-2(b) sets forth the duties furnishers of information have upon notice of a dispute.

45.    Citizens Auto violated § 1681s-2(b) by willfully and/or negligently failing to comply with the FCRA's requirement that it fully and properly investigate Plaintiff's dispute and by failing to correctly report results of an accurate investigation to one or more credit bureaus.

46.    Citizens Auto has caused Plaintiff to suffer actual damage by willfully and/or negligently reporting false credit information about Plaintiff in that Plaintiff had trouble

obtaining financing, had to spend time, effort, and money trying to fix the problem, and was subjected to great stress, embarrassment, and anxiety.

47.     Citizens Auto's FCRA violations are willful and subject it to liability under § 1681n.

48.     Alternatively, or in addition to the preceding paragraph, Citizens Auto's FCRA violations are negligent and subject it to liability under § 1681o.

WHEREFORE, Plaintiff Ngoc Huynh respectfully requests that this Court enter judgment in his favor and against Defendant Citizens Auto and award the following:

(A)     Actual and/or statutory damages;

(B)     Punitive damages;

(C)     Reasonable attorneys fees and costs; and

(D)     Such other relief as the Court deems just and proper.

### COUNT III
*Breach of a Settlement Agreement Against Defendant Citizens Auto*

49.     Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-32 as if set forth fully in this Count.

50.     Pursuant to certain documents (not for public dissemination) exchanged between Citizens and Huynh, and according to the representations publicly filed in Westgate Lincoln Mercury's Motion to Dismiss and Clear Plaintiff's [Ngoc Huynh] Credit Reports, which motion was agreed to by Citizens Auto, Citizens agreed to request that Huynh's credit reports be updated to delete any and all references to the automobile transaction involving the Lincoln Navigator.

51.     Citizens breached this agreement and further, continued to harass Plaintiff demanding payment of a settled account.

52.    Citizens' conduct caused Plaintiff to suffer damage to his credit and forced him to spend time and money lodging repeated disputes, to no avail.

53.    Citizens' conduct further caused Plaintiff anxiety, stress, and fear by virtue of its repeated demands for payment and threats of continued collection and legal action.

WHEREFORE, Plaintiff Ngoc Huynh respectfully requests that this Court enter judgment in his favor and against Defendant Citizens Auto and award the following:

(A)    Actual damages;

(B)    Costs of suit; and

(C)    Such other relief as the Court deems just and proper.

**Plaintiff hereby demands a trial by jury.**

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808

08CV2471　PH
JUDGE GUZMAN
MAGISTRATE JUDGE SCHENKIER

# EXHIBIT A

FILED
LAL
JUL   6 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

NGOC HUYNH,                                    )
                                              )
                Plaintiff,                     )   **05C 3936**
                                              )
        v.                                     )   No.
                                              )
WESTGATE LINCOLN MERCURY OF                    )     JUDGE AMY ST. EVE
LOMBARD, INC., CITIZENS AUTO FINANCE           )   MAGISTRATE JUDGE KEYS
AND BANK OF AMERICA,                           )
                                              )
                Defendants.                    )
                                              )
                                              )   JURY DEMANDED

## COMPLAINT

Plaintiff, Ngoc Huynh, brings this action against Defendant Westgate Lincoln Mercury of

Lombard, Inc. ("Westgate") and seeks a declaratory judgment as to the enforceability of the

contracts at issue as to Citizens Auto Finance and Bank of America as well as damages caused

by them for failure to honor revocation and for defamation and states as follows:

1.   In this action, Plaintiff seeks redress for Westgate's violations of the Fair Credit

Reporting Act and the Illinois Consumer Fraud and Deceptive Business Practices Act.

### *Parties*

2.   Plaintiff Ngoc Huynh is an individual residing in Oak Lawn, Illinois.

3.   Westgate Lincoln Mercury of Lombard, Inc. is an Illinois corporation doing business

in this district at 500 E. Roosevelt Road, Lombard, Illinois 60148.

4.   Citizens Auto Finance is an automobile finance company, who on information and

belief have taken assignment of one of the contracts which Plaintiff has revoked.

5.   On information and belief Bank of America has taken assignment of another one of

the contracts which Plaintiff has revoked.

### Jurisdiction and Venue

6.   Federal question jurisdiction arises under the Fair Credit Reporting Act, 15 U.S.C. §

1681, *et seq*. Supplemental jurisdiction over the state law claims exists pursuant to 28 U.S.C.

§1367.

7.   Venue is proper in this district because the acts giving rise to this action occurred in

this district.

### Factual Allegations

8.     Plaintiff is a Vietnamese individual that speaks little English and has lived

exclusively in Vietnamese communities since he arrived in the United States.

9.     Plaintiff earns under $30,000.00 per year.

10.    In April 2005, Plaintiff and Michael Wanko discussed the possibility of starting a

business together.

11.    As a condition of forming a business together, Michael Wanko told Plaintiff that

he would need to get his credit checked.

12.    On or about April 26, 2005, Michael Wanko and his father, Steven Wanko, told

Plaintiff they knew a place where he could get his credit checked.

13.    Steven Wanko told Plaintiff that he had some friends at Westgate Lincoln

Mercury of Lombard, the Defendant car dealership, which could check Plaintiff's credit for

free.

14.    On or about April 26, 2005, Plaintiff, Michael Wanko, and Steven Wanko went

to Westgate Lincoln Mercury of Lombard.

15.    Upon their arrival, it was clear to the Plaintiff that Steven Wanko knew several

individuals working at the dealership as he appeared to be very close with both the sales

representative and finance manager at Westgate Lincoln Mercury of Lombard.

16.     Plaintiff was immediately brought into a sales office and told by a representative

of the dealership to sign documents in order to facilitate a credit check. Initially, he was given

a credit application to sign. *See* Exhibit A. At no point during this interchange was the

purchase of a car discussed, nor was a car looked at or viewed.

17.     After some time passed, Plaintiff was led to the finance manager's office and told

by another representative of the dealership, (presumably the finance manager), to sign

additional papers for the sole purpose of a credit check. At no point during this interchange was

the purchase of a car discussed, nor was a car looked at or viewed.

18.     As the only other time Plaintiff signed papers for a credit check was in

conjunction with his purchase of a home, which required him to sign a vast number of papers to

get the application process started, Plaintiff was unaware that he was actually signing papers

that called for the purchase of two vehicles, and not merely a credit check.

19.     After all of the documents were signed, Plaintiff was driven home by Mr.

Wanko who drove him in a Lincoln Navigator. Little did the Plaintiff know that he had just

signed papers which purported to bind him to the purchase of this Lincoln Navigator.

20.     Eventually, Plaintiff learned that Defendant, in reality, did not have him sign

documents to facilitate a credit check. Instead, Defendant had presented Plaintiff with

contracts for two Lincoln Navigators, which due to his very limited English and no prior car

purchasing experience, he signed thinking it was merely to obtain a copy of his credit report.

21.     As a result, instead of merely checking his credit as was represented, Defendant

had deceived Plaintiff into signing two separate retail installment contracts for two Lincoln

Page 3

Navigators, at a total cost of over $120,000.00. *See* Exhibits B & C.

22. Further, in order to facilitate this sale, Defendant lied on Plaintiff's credit application in order to get him approved for the financing of two vehicles.

23. Defendant misrepresented on the credit application that Plaintiff made $7,000.00 per month as Plaintiff makes under $30,000.00 per year total.

24. As a result of Defendant's misrepresentation and deceit, Plaintiff was damaged in that he is now bound to two separate retail installment contracts in which he owes over $140,000.00, he has suffered damage to his credit, and he has endured severe emotional distress and aggravation damage as a result.

25. On May 13, 2005, Plaintiff sent a pre-suit notification letter to Defendant in attempt to resolve this matter without the need for protracted litigation. The Defendant has refused to unwind the deals or to otherwise resolve the matter. On May 13, 2005 Plaintiff also notified Westgate, seller, and Bank of America and Citizens Auto Finance of his revocation of acceptance of the vehicles. This written confirmation of the revocation was made known in the demand letter sent on May 13, 2005 a copy of which was also sent to the three credit reporting companies. Plaintiff recovered the vehicles from Michael Wanko and Steven Wanko and has stored the two vehicles in a secure location in order to preserve them for the Defendants' benefit; he has not used the vehicles for any purpose after revoking acceptance.

## COUNT I
### *Violations of the Fair Credit Reporting Act as to Westgate*

26. Plaintiff restates, realleges and incorporates herein by reference paragraphs 1-25 as if fully set forth in this Count.

27. Westgate's representative along with Michael Wanko and Steven Wanko

represented to Plaintiff that Westgate was merely performing a credit check when instead;

Westgate's representative obtained Plaintiff's credit report in order to finance him for the sale

of the two Lincoln Navigators which Westgate's representative gave possession to Michael

Wanko and Steven Wanko.

28.     At no time did Plaintiff authorize Westgate's representative to apply for credit in

his name or on his behalf for one, let alone two, Lincoln Navigators.

29.     The use of Plaintiff's credit report without his authorization was not permissible

under 15 U.S.C. § 1681b(f).

30.     Westgate's representative knowingly obtained Plaintiff's credit report without a

permissible purpose.

31.     Westgate's representative knowingly obtained Plaintiff's credit report under false

pretenses. *See* 15 U.S.C. § 1681q.

32.     Defendant is liable for its willful noncompliance with the requirements imposed

by the Fair Credit Reporting Act.

WHEREFORE, Plaintiff Ngoc Huynh respectfully requests that this Court enter

judgment in his favor and against Defendant Westgate Lincoln Mercury of Lombard, Inc., and

award damages as follows:

      a.     Actual, statutory, and punitive damages, pursuant to 15 U.S.C. § 1681n, in
           an amount to be proven at trial;

      b.     Attorney's fees and costs pursuant to 15 U.S.C. § 1681n(c); and

      c.     Any other relief the Court deems just and proper.

### COUNT II
*Violations of the Illinois Consumer Fraud and*
*Deceptive Business Practices Act as to Westgate*

33.   Plaintiff restates, realleges and incorporates herein by reference paragraphs 1-25

as if fully set forth in this Count.

34.   The Illinois Consumer Fraud and Deceptive Business Practices Act states, in

relevant part:

> *unfair or deceptive acts or practices, including but not limited to the use or*
> *employment of any deception, fraud, false pretense, misrepresentation or the*
> *concealment, suppression or omission of any material fact, with intent that others*
> *rely upon the concealment, suppression or omission of such material fact...in the*
> *conduct of any trade or commerce are hereby declared unlawful . . . .*

815 ILL. COMP. STAT. 505/2.

35.   Westgate's representative fraudulently induced Plaintiff into signing two retail

installment contracts for the purchase of two Lincoln Navigators, which cost over $140,000.00,

by telling Plaintiff that he was merely signing documents to get his credit checked.

36.   Westgate's representative then gave possession of the two Lincoln Navigators to

Michael Wanko and Steven Wanko.

37.   As a result of Westgate's representative's unfair and deceptive practice, Plaintiff

was injured in that he now is obligated under two separate retail installment contracts, under

which he allegedly owes more than $140,000.00.

38.   As a further result of Westgate's representative's unfair and deceptive actions,

Plaintiff was injured in that he suffered damage to his credit report and suffered aggravation

and emotional distress.  Moreover, Plaintiff has been damaged in that he has had to regain

possession of the two Lincoln Navigators, which were deceptively given to Michael Wanko

and Steven Wanko, and store them at his own expense to preserve them for the benefit of the

Defendants.

WHEREFORE, Plaintiff Ngoc Huynh respectfully requests that this Court enter

judgment in his favor and against Defendant Westgate Lincoln Mercury of Lombard, Inc., and

award damages as follows:

    a.    Rescission of the contracts entered into between Plaintiff and Defendant; and restitution of all profits paid under such contracts;

    b.    Actual damages in an amount to be proven at trial;

    c.    Punitive damages in an amount sufficient to punish and deter Defendant and other similarly situated automobile dealers from conducting themselves in the manner described in this Count;

    d.    Reasonable attorney's fees and costs; and

    e.    Any other relief the Court deems just and proper.

## COUNT III
### Common Law Fraud in the Inducement Against Defendant Westgate

39.    Plaintiff hereby restates, realleges and incorporates herein by reference

paragraphs 1-25 as if set forth fully in this Count.

40.    As set forth above, on April 26, 2005, Westgate's agent had Ngoc Huynh sign the

contracts at issue under false pretense representing that the papers were merely for obtaining a

copy of his credit report.

41.    Ngoc Huynh reasonably and justifiably relied on the representations, promises,

and concealments of Westgate when signing the papers, causing him to suffer damages,

including the deficiency amount alleged due under the contracts to Citizens Auto Finance and

Bank of America.

WHEREFORE, Plaintiff Ngoc Huynh requests that judgment be entered in his favor,

against Defendant Westgate and that he be awarded:

    (A)    Actual damages as may be proven at trial;

    (B)    Punitive damages;

copy of which was also sent to the three credit reporting companies.

47.    Plaintiff has stored the two vehicles in a secure location in order to preserve them for the Defendants; he has not used the vehicles for any purpose after revoking acceptance.

48.    Plaintiff notified Westgate and the finance companies that he was revoking his acceptance of the car immediately (and in a reasonable time) after discovering that he had been tricked into signing papers allegedly obligating to purchase the vehicles. No substantial change to the condition of the car occurred between date of purchase and the date of revocation.

49.    On information and belief, only after revocation had already occurred, Westgate assigned the contract to Bank of America and Citizens Auto Finance.

50.    Westgate and Bank of America and Citizens Auto Finance both refused to cancel the sale or acknowledge Ngoc Huynh' revocation of acceptance.

51.    Ngoc Huynh' rejection/revocation of the Explorers are proper given the fraudulent inducement tactics employed by Westgate, and described more extensively above.

52.    Ngoc Huynh seeks declaratory and injunctive relief requiring that Bank of America and Citizens Auto Finance accept the properly noticed rejection/revocation of acceptance. Any relief Bank of America and Citizens Auto Finance seeks should be obtained from Westgate, the entity that assigned the contract with full knowledge of Ngoc Huynh' dispute.

53.    Ngoc Huynh has suffered actual damages as a result of Defendants' refusal to honor the revocation in that he has been subjected to an additional purported indebtedness and derogatory credit reporting.

WHEREFORE, Plaintiff Ngoc Huynh requests that judgment be entered in his favor, against Defendants Westgate, Inc. and Bank of America and Citizens Auto Finance, and that he

be awarded:

(A)   Damages in an amount to be proven at trial and to be assessed against Westgate;

(B)   Litigation expenses and costs;

(C)   Injunctive and/or declaratory relief in the form of an order confirming Ngoc Huynh' rightful revocation of acceptance under 810 ILCS 5/2-717 and 5/2-721, requiring Westgate and/or Bank of America and Citizens Auto Finance to pay off any outstanding balance; and

(D)   Any other relief the Court deems just and appropriate.

## COUNT V
### Common Law Action for Defamation
### Against Bank of America and Citizens Auto Finance

54.    Plaintiff restates, realleges, and incorporates herein by reference paragraphs 1-25 as if set forth fully in this Count.

55.    On information and belief, both Bank of America and Citizens Auto Finance caused false and defamatory information about Plaintiff to be published to credit reporting agencies regarding each of the respective contracts assigned to them and allowed such information to remain published after being informed that the information was false.

56.    Ngoc Huynh informed Bank of America and Citizens Auto Finance that he had revoked acceptance of the vehicles at issue. Ngoc Huynh had also provided Westgate with formal written notice of his revocation of acceptance, disclaiming all ownership rights in the vehicle.

57.    Despite being notified of Ngoc Huynh' revocation Bank of America and Citizens Auto Finance have not accepted the revocation and have taken additional action independent and apart from the dealership including making defamatory statements about Plaintiff being in

default.

58.    This defamation occurred with malice or a willful intent to injure Plaintiff as the

false information was published to credit reporting agencies with knowledge of the dispute and

knowing that Ngoc Huynh had revoked acceptance because he had never agreed to be financed

on contracts at issue.

59.    The statements made by Bank of America and Citizens Auto Finance were false

and defamatory, impugning Ngoc Huynh' reputation for credit, and causing him damage by

virtue of the derogatory reporting.

WHEREFORE, Plaintiff Ngoc Huynh requests that judgment be entered in his favor,

against Defendants Bank of America and Citizens Auto Finance and that he be awarded:

> (A)    Actual and punitive damages as may be proved by Plaintiff
>         at trial;
>
> (B)    Any other relief the Court deems just and proper.

### Jury Demand

**Plaintiff demands a trial by jury.**

Dated:

One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL  60602
(312) 782-5808

# EXHIBIT A

**Ford Credit**

APPLICATION STATEMENT (Please Print)   CLASS CODE: ☑ RETAIL ☐ RCL ☐ OTHER

CHECK ONE APPLICABLE BOX (PRIMARY APPLICANT AND JOINT APPLICANTS MUST COMPLETE SEPARATE FORMS)

Primary Applicant: ☑

Joint Applicant:
☐ Application is for joint credit with primary applicant or as a guarantor.
☐ Primary Applicant is relying on you for income for alimony, child support, or separate maintenance or on your income or assets as the basis for repayment of the credit requested.

If Joint Applicant, Relationship to Applicant:
☐ S - Married   ☐ P - Parent
☐ O - Other

| Last Name | First Name | Middle Name | ☐ Jr. ☐ Sr. |
|---|---|---|---|
| Huynh | Ngoc | | |

| Date of Birth | Soc. Sec. No. | Driver's License No. and State |
|---|---|---|
| 10/4/01 | 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 | |

| Physical Address (Number, Street, Apartment) | City | State | Zip Code |
|---|---|---|---|
| 10634 S Cicero | Oaklawn | IL | 60453 |

| Billing Address (Number, Street, Apartment, P.O. Box) | City | State | Zip Code |
|---|---|---|---|
| 1060 Wilson Ave | Lombard | | 60148 |

| County | Phone in Applicant's Home? 1 ☑ Yes 2 ☐ No | Phone Number Area Code (708) | 346 0980 | 1 ☐ Own Home Outright  2 ☑ Buying Home  3 ☐ Living with Relatives  4 ☐ Leasing/Renting  5 ☐ Own/Buying Mobile Home | Lived There ☑ 2 Yrs. ☐ Mos. |
|---|---|---|---|---|---|
| Cook | | | | | |

| Cell Phone Number Area Code | Other Phone Number Area Code | Email Address - Personal | Email Address - Business |
|---|---|---|---|
| | | | |

| Name and Address of Landlord or Mortgage Holder | Phone Number of Landlord or Mortgage Holder Area Code | Rent or Mtge. Pmt. $ 805.00 |
|---|---|---|
| MB America Bank | | |

| Previous Address (Street, City, State and Zip Code) (If less than 2 years at present address) | Lived There 6 Yrs. |
|---|---|
| 25607 S Linden Ave Monee IL 60449 | |

| Level Of Education (Age Under 27 Only) | 1 ☐ 4-Year College Grad. | 2 ☐ 2-Year College Grad. | 3 ☑ Special Training | 4 ☐ Some College | High School Grad.? 5 ☑ Yes 6 ☐ No |
|---|---|---|---|---|---|

| Current Employer Name | Current Employer Address | | | |
|---|---|---|---|---|
| City Nails | 851 Westmore Lombard IL 60148 | | | |

| Applicant's Occupation (If military, state rank) | Work Phone Number Area Code (630) | 453 0660 | Gross Monthly Salary $ 1600.00 | Time on Job 5 Yrs. Mon. |
|---|---|---|---|---|
| Owner | | | | |

*Alimony, child support or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation.

| Source of other Income | Other Income $ |
|---|---|
| Store | |

| Previous Employer's Name (If less than 5 years at current employer) | City/State |
|---|---|
| | |

| Name of Bank | ☑ 1 Checking & Savings  2 ☐ Checking Only  3 ☐ Savings Only  4 ☐ No Account |
|---|---|
| Fifth Third Bank Oaklawn | |

| Have You Ever Had a Car or Other Merchandise Repossessed? ☑ No ☐ Yes | If Yes, When? Month ___ Year ___ | Have You Ever Filed Bankruptcy? ☑ No ☐ Yes | If Yes, When? Month ___ Year ___ |
|---|---|---|---|

| Creditor's Name and City/State | Date Opened | Monthly Pmt. Amount | Unpaid Balance | Creditor's Name and City/State | Date Opened | Monthly Pmt. Amount | Unpaid Balance |
|---|---|---|---|---|---|---|---|
| (Current/Previous Cars Financed by or Leased Through) | | | | (Other Credit) | | | |
| (1) CitiBank | | | | (3) | | | |
| (2) Chase | | | | (4) | | | |

| Name and Address of Applicant's Nearest Relatives/Friends Not in Household | Phone No. Area Code ( ) | Relationship |
|---|---|---|
| (1) | | |
| (2) | | |
| (3) | | |
| (4) | | |

FOR USE BY SELLER ONLY

| ☐ New ☐ Used | Vehicle Identification Number |
|---|---|
| Year | Model | Make | Body Style (If used vehicle) | Mileage (If used vehicle) |

Optional Equipment (If used vehicle)
Trim Level ___
☐ Air  ☐ Pwr Seats  ☐ Moonroof  ☐ Leather
☐ Cust. Wheels  ☐ CD  ☐ 4 X 4

| (1) Cash Price/Cap Cost (Incl. tax, title, reg. fees)..........$ | (1) |
|---|---|
| (2) Down Payment/Cap Cost Reduction | |
| Cash $ _____ + Rebate $ _____ = $ _____ | (A) |
| Trade: Allow. $ _____ Owed $ _____ = $ _____ | (B) |
| Total of Line (2) (A+ B) | (2) |
| (3) Unpaid Balance/Acquisition Cost (1 - 2) | (3) |
| If RCL: MSRP $ _____ / LEV $ _____ | |
| (4) Payable in _____ Mo. Installments of.......$ | (4) |

| Trade | Make | Model | Body Style | Dealer Name |
|---|---|---|---|---|
| | | | | |

**For the purpose of securing credit from you, I certify that the above information is true and complete to the best of my knowledge. I further certify that I have attained the age of majority. I authorize you to check my credit and employment history and to provide and/or obtain information about credit experience with me.**

By signing this application, I acknowledge I have read side A and side B of this form, including the state specific disclosures.

Applicant Signature: _____   Date: _____

NON-APPLICANT SPOUSE INFORMATION
☐ Married

| Last Name | First Name | Middle Name | ☐ Jr. ☐ Sr. |
|---|---|---|---|

# EXHIBIT B

APR-29-2005 16:05 FROM VILLA OAKS CE 630*899*1807 553 9309 PAGE:07

Case 1:08-cv-02471 Document 1-2 Filed 04/30/2008 Page 15 of 18
Case 1:05-cv-03936 Document 1 Filed 07/06/2005 Page 14 of 17

RETAIL INSTALLMENT CONTRACT — MOTOR VEHICLE — SIMPLE INTEREST

No. ........

| | | | | | Itemization of Amount Financed |
|---|---|---|---|---|---|
| | | | | | 60600.00 |
| | | | | | Less Cash Downpayment 2000.00 |

**FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your downpayment of 2000.00 |
|---|---|---|---|---|
| 9.34 % | 20013.65 | 64557.55 | 84571.20 | 86571.20 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 1174.60 | 26 MAY 2005 monthly beginning |
| | | |

**Security:** You are giving a security interest in the goods being purchased and in any moneys, credits, or other property of yours in the possession of the Assignee, on deposit or otherwise.

**Late Charge:** If any payment is ten (10) days late, you will be charged 5% of the installment if the installment is in excess of $200.00 or (ii) $10.00 if the installment is for $200.00 or less.

**Prepayment:** You have the right to prepay the unpaid balance in full or in part at anytime without penalty. See your contract terms below and on the reverse side for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and penalties and further information about security interest.

| | |
|---|---|
| Cash Price | 58600.00 |
| Unpaid Balance | N/A |
| FORD/WESTGATE | 4692.16 |
| WESTGATE DOC FEE | 1210.00 |
| GAP INS | 55.39 |
| | N/A |

Buyer(s) NGOC HUYNH 10634 S CICERO OAK LAWN IL 60453

Buyer(s) N/A 10634 S CICERO OAK LAWN IL 60453

Seller WESTGATE LINCOLN MERCURY OF LOMBARD 500 E ROOSEVELT RD LOMBARD, IL 60148

Seller hereby sells and Buyer or Buyers, jointly and severally, hereby purchase the following motor vehicle with accessories and equipment thereon for the deferred payment price and on the terms set forth in this contract. Buyer acknowledges delivery and acceptance of said motor vehicle in good condition.

| New or Used | Year | Make of Vehicle | Model | Body Style | No.Cyl. | Serial Number | Body Color | Top Color | Key No. |
|---|---|---|---|---|---|---|---|---|---|
| NEW | 2005 | LINC | NAVIGAT | | | 5LMFU28555LJ22229 | BLACK | | |

Buyer Promises to pay to the order of Seller at the office of ... 9.34%

the Amount Financed shown above together with a Finance Charge on the principal balance in the Amount Financed from time to time unpaid at the rate of ... per annum from date until maturity in 72 installments of 1174.60 each ... beginning on 26 MAY 2005 ... and continuing on the same day of each successive month thereafter until fully paid. All payments shall be applied first to accrued Finance Charge and the balance to principal. The Finance Charge has been computed on the scheduled unpaid balances of the Amount Financed on the assumption that all scheduled installments will be paid when due. Guarantor, if any, guarantees collection of all amounts due under this contract upon failure of the Seller to collect from the Buyer named herein.

**SECURITY INTERESTS:** Seller is granted a purchase-money security interest in the motor vehicle described above and all accessions under the Illinois Uniform Commercial Code until the Total of Payments and all future indebtedness for taxes, liens, repairs and insurance premiums advanced by holder hereunder are paid in full. Buyer grants assignee the right of set-off or lien on any moneys, credits or other property of Buyer in possession of the Assignee on deposit or otherwise, accepting IRA or similar deposits. Seller is also granted a security interest in any premium rebates for insurance or service contracts, if financed hereunder. In the proceeds of any insurance on the motor vehicle and in the proceeds of any credit life and/or accident and health insurance financed hereunder, until all amounts due under this contract are paid in full ...

**ACCELERATION:** Buyer agrees that (1) If Buyer shall default in the payment of any installment or the Total of Payments when the other indebtedness due hereon, or (2) Buyer shall fail to perform any agreement or warranty made by Buyer herein or if the motor vehicle shall be lost, stolen, substantially damaged, destroyed, sold, encumbered, removed, concealed, attached or levied upon, or (4) if the motor vehicle shall be seized or confined in violation of any law or attachment by, or any proceeding under any bankruptcy or insolvency statute shall be instituted by or against Buyer or Buyer becomes insolvent, or (5) if any insurance required hereunder for the benefit of creditors, or (6) if Buyer shall die or be adjudged incompetent, or (7) if holder shall for reasonable cause deem itself insecure or the motor vehicle fully insured for the entire term of this contract then holder may declare all unpaid installments and the Total of Payments and all other indebtedness secured hereby immediately due and payable, without notice or demand.

**PREPAYMENT:** THE BUYER MAY PREPAY IN FULL OR IN PART THE UNPAID BALANCE OF THE CONTRACT AT ANY TIME WITHOUT PENALTY.

**DELINQUENCY CHARGE:** If any payment is ten (10) days late, Buyer agrees to pay a reasonable delinquency charge of the installment in excess of $200.00 or (ii) $10.00 if the installment is for $200.00 or less. In addition, Buyer agrees to pay all reasonable attorney's fees, costs and expenses of collection, repossession and resale on the collateral. Buyer agrees to pay Finance Charges after maturity of the final installment, or after any acceleration upon default, at the Annual Percentage Rate stated herein so long as there exists any uncured default hereunder, all without relief from valuation or appraisement laws.

**INSURANCE AGREEMENT:** Motor Vehicle Damage or Loss Insurance is required by Seller. Buyer may choose the person through whom the insurance is to be obtained.

FORM FOR THIS USED VEHICLE IS A PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE. ... CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD
ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY
HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER. Page 15 of 17 ... BY LAW, BUT MAY BE
DOCUMENTARY FEE: A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE
CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE. THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 1992, WAS $40. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $40 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.

NOTICE TO BUYER: 1. Do not sign this agreement before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the agreement you sign. 3. Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge. Buyer acknowledges receipt of a fully completed copy of this contract executed by both Seller and Buyer. Guarantor, if any, acknowledged receipt of completed copies of this contract and of Explanation of Guarantor's Obligation.

CO-BUYER: A Co-Buyer is a person who agrees to be primarily responsible for paying the entire debt and who (1) actually receives the vehicle or (2) is a parent or spouse of the Buyer, or (3) will be listed as an owner on the vehicle's title. By signing below, (1) I confirm that I will actually receive possession of the vehicle or will use it, or that I am a parent or spouse of the Buyer, or that I will be listed as an owner on the vehicle's title; (2) I agree to be primarily obligated under this contract; and (3) I consent to the Creditor having a security interest in the vehicle.

Dated: 26 APR 2005

Buyer(s) acknowledges receipt of a fully completed and executed copy of this Contract.

**RETAIL INSTALLMENT CONTRACT**

Seller: WESTGATE LINCOLN-MERCURY OF LOMBARD

By: ______________________ TITLE

Buyer ______________________

Buyer ______________________

Guarantor ______________________

I hereby guarantee the collection of the above described amount upon failure of the seller named herein to collect said amount from the buyer named herein.

INSTRUCTIONS: If parent, spouse, or other person who is or will be listed as an owner on the vehicle's title is a co-buyer, sign above. Other co-signers, sign on the Guarantor line.

Form IFI-20 (Rev. 11/89)

Copyright 1989 ILLIANA FINANCIAL, INC., Elmhurst, IL and ILLINOIS BANKERS ASSOCIATION, Chicago, IL (All Rights Reserved)

FILE COPY

FEB 29-2005 16:1 FROM:WILLO OAKS GE 1-304-988-1007 Document 1-2 Filed 07/06/2008 page 16 of 17 PAGE:17

## RETAIL INSTALLMENT CONTRACT — MOTOR VEHICLE
### FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your downpayment of $2000.00 |
|---|---|---|---|---|
| 9.69 % | $ 14780.79 | $ 45079.21 | $ 59860.00 | $ 61860.00 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 831.39 | monthly beginning 10 JUN 2005 |
| | $ | |
| | $ | |

**Security:** You are giving a security interest in the goods being purchased and in any moneys, credits or other property of yours in the possession of the Assignee; on deposit or otherwise.

**Late Charge:** If any payment is ten (10) days late, you will be charged: I) 6% of the installment if the installment is in excess of $200.00; or II) $10.00 if the installment is for $200.00 or less.

**Prepayment:** You have the right to prepay the unpaid balance in full or in part at anytime without penalty. See your contract terms below and on the reverse side for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and penalties and further information about security interests.

| | |
|---|---|
| | $ 42995.00 |
| Less Cash Downpayment | $ 2000.00 |
| Value of Trade-In | N/A |
| | N/A |
| | $ 61860.00 |
| Unpaid Balance | $ 40995.00 |
| Cash Price of Motor Vehicle | |
| | N/A |
| | N/A |
| | N/A |
| | N/A |
| | $ 3048.90 |
| FORD/WESTGATE | $ 55.39 |
| WESTGATE DOC FEE | N/A |
| GAP INS | N/A |
| | N/A |
| | IL 60453 |

Buyer(s) NGOC HUYNH         10634 S CICERO         OAK LAWN         IL 60453

Buyer(s) N/A         10634 S CICERO         OAK LAWN         IL 60148

Seller WESTGATE LINCOLN MERCURY OF LOMBARD  500 E. ROOSEVELT RD  LOMBARD, IL 60148

Seller hereby sells and Buyer or Buyers, jointly and severally, hereby purchase the following motor vehicle with accessories and equipment thereon for the deferred payment price and on the terms set forth in this contract. Buyer acknowledges delivery and acceptance of said motor vehicle in good condition.

| New or Used | Year | Make of Vehicle | Model | Body Style | No. Cyl. | Serial Number | Body Color | Top Color | Key No. |
|---|---|---|---|---|---|---|---|---|---|
| NEW | 2005 | LINCOLN | NAVIGATOR | | | 5LMFU27578EJ18525 | SILVER | | |

the Amount Financed shown above together with a FINANCE CHARGE at the rate per annum ...

**SECURITY INTERESTS:** Seller is granted a purchase money security interest in the motor vehicle described above ...

**ACCELERATION:** Buyer agrees that (1) if Buyer shall default in the payment of any installment ...

**PREPAYMENT: THE BUYER MAY PREPAY IN FULL OR IN PART THE UNPAID BALANCE OF THE CONTRACT AT ANY TIME WITHOUT PENALTY** ...

**DELINQUENCY CHARGE:** If any payment is ten (10) days late ...

**INSURANCE AGREEMENT:** Motor Vehicle: Damage or Loss Insurance is required by Seller ...

**SEE REVERSE HEREOF FOR INFORMATION ON PORTION REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM**

26 APR 2005

26 APR 1200

**RETAIL INSTALLMENT CONTRACT**

Buyer _____

Buyer _____

Copyright 1988 , ILLANA FINANCIAL INC., Elmhurst IL and ILLINOIS BANKER'S ASSOCIATION, CHICAGO IL. (All Rights Reserved)   Form I(E)-25 (Rev. 11/99)

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOS
### EASTERN DIVISION

NGOC HUYNH,                          )
          Plaintiff,               )
                      )

    vs.                              )    No.  05 C 3936
                      )

WESTGATE LINCOLN MERCURY OF          )
LOMBARD, INC., CITIZENS AUTO         )
FINANCE AND BANK OF AMERICA,         )
                      )
         Defendants.             )

## NOTICE OF MOTION

    To:    See Attached Service List

       On May 1st, 2006, 8:45 at a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Amy J. St. Eve or any judge sitting in his stead, in the courtroom usually occupied by her in room 1241 of the United States District Court, Chicago, Illinois, and then and there present the attached Motion.

Name: SERPICO, NOVELLE, PETROSINO & RASCIA, LTD      Attorney for the Defendant
Address: 61 West Superior Street      City: Chicago, Illinois  60610
Telephone: 312-787-1600      Atty No.: 80746

Copy received _____, 20\_\_\_\_, at _____ m.

## PROOF OF SERVICE BY FAX AND MAIL

       I, Patricia M. Scialabba, a non-attorney, on oath state, I served this notice by mailing a copy to the above named at the above address and depositing the same in the U.S. mail at 61 West Superior Street, Chicago, Illinois 60610, at 5:00 p.m. on April 21, 2006, with proper postage prepaid.

                                      _Patricia m. Scialabba_

(If not the attorney)

Signed and sworn to before me April 21, 2006

_Monica Godinez_ , Notary Public

OFFICIAL SEAL
MONICA GODINEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/01/09

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

## SERVICE LIST

Lance Raphael, Consumer Advocacy Center, P.C.,180 W. Washington Street Ste-700, Chicago, Il 60602

McGuire Woods, Blaire Hanzlik 77 W.. Wacker Dr.  Ste-4500, Chicago, Il 60601

Craig Westfall, Nigro & Westfall, 1793 Bloomingdale Rd., Glendale Heights, Il 60139

TransUnion, P.O. Box 2000, Chester, Pennsylvania 19022

Experian Dispute Dept., P.O. Box 9595, Allen, TX 75013

Equifax, P.O. Box 74006, Atlanta, GA 30374

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOS
## EASTERN DIVISION

NGOC HUYNH,                              )
                         Plaintiff,      )
                                         )
    vs.                                  )      No. 05 C 3936
                                         )
WESTGATE LINCOLN MERCURY OF              )
LOMBARD, INC., CITIZENS AUTO             )
FINANCE AND BANK OF AMERICA,             )
                                         )
                         Defendants.     )

### MOTION TO DISMISS AND CLEAR PLAINTIFF'S
### CREDIT REPORTS

NOW COME the Plaintiff, NGOC HUYNH, the Defendants, WESTGATE

LINCOLN MERCURY OF LOMBARD, INC. and CITIZENS AUTO FINANCE, by

and through their attorneys,  Lance A. Raphael of The Consumer Advocacy Center,

P.C.; Stephen C. Debboli of Serpico, Novelle, Petrosino & Rascia, Ltd.; and Craig

Westfall of Nigro & Westfall, P.C., respectively and move this Court for the entry of an

Order dismissing this case with prejudice, all matters and controversy having been

resolved and further directing the credit reporting services: TransUnion, Experian and

Equifax to delete certain entries, setforth hereinafter, indicated on the Plaintiff, NGOC

HUYNH'S credit reports with such services and in support thereof states as follows:

1.      This case arises out of the purchase of two vehicles by the plaintiff, Ngoc

Huynh from the defendant, Westgate Lincoln Mercury of Lombard, Inc. (hereinafter

Westgate) on or about April 26, 2005, which purchases were financed pursuant to Retail

Finance Dealer Agreements with Citizens Auto Finance (hereinafter Citizens) and Bank

of America.

2.     The plaintiff has filed this suit asserting claims against the defendants including claims under the Fair Credit Reporting Act and the Illinois Deceptive Practices Act.

3.     The defendants have denied any liability to the plaintiff in connection with the claims asserted; and Bank of America has previously entered into a settlement agreement with the plaintiff and the case as against Bank of America has been previously dismissed; and Westgate and Citizen's have now entered into an agreement to settle the claims by the plaintiff against them and seek a dismissal of the entire law suit with prejudice. The settlement is a compromise of a doubtful and disputed claim and is not to be construed as an admission of liability of the part of the settling parties; pursuant to the terms of the agreed settlement the Bank of America has and Westgate and Citizens will request that the major credit bureaus (TransUnion, Experian and Equifax) delete from the plaintiff, Ngoc Huynh's credit report any and all entries regarding these transactions including inquiries, account information and adverse information.

4.     In that the credit bureau's are separate and distinct entities from the settling parties and the settling defendants can only request but cannot guarantee that information will be amended and/or deleted from the plaintiff's credit history as requested, the settling parties have agreed to ask this Court's intervention in connection with the settlement and the entry of an order directing the major credit bureaus: TransUnion, Experian and Equifax to delete all entries regarding these transactions in accordance with the settlement previously entered into by the plaintiff and Bank American and the settlement presently entered into by the plaintiff and Westgate and Citizens.

WHEREFORE, the plaintiff, NGOC HUYNH; and the defendants,

WESTGATE LINCOLN MERCURY OF LOMBARD, INC. and CITIZEN'S AUTO

FINANCE ask this Court for the entry of an order dismissing this case with prejudice

all matters in controversy having been resolved; and further directing Equifax, Experian

and TransUnion Credit Bureaus to delete and remove from the credit reports of the

plaintiff, Ngoc Huynh all entries and notations made by, precipitated by and regarding

transactions that were the basis of this law suit, purchase and financing of two vehicles

on April 26, 2005 from and by the defendants, Westgate Lincoln Mercury of Lombard,

Inc. and Bank of America and Citizen's Auto Finance including inquiries, account

information and adverse information posted by or regarding these defendants' in or on

Ngoc Huynh's credit reports or histories specifically setforth herein, on Exhibit A.

Respectfully submitted,

WESTGATE LINCOLN MERCURY OF
LOMBARD, INC.

By: S/Stephen C. Debboli/April 28, 2006
Stephen C. Debboli, ARDC No. 058828
Serpico, Novelle, Petrosino & Rascia, Ltd.
61 W. Superior
Chicago, Il 60610
312-787-1600 Office
312-787-9520 Fax
sdebboli@snnlaw.com;

CITIZENS AUTO FINANCE

By:_____
One of its attorneys

## **CERTIFICATE OF SERVICE**

I, Patricia M. Scialabba, being a non-attorney, hereby certify that I have caused true and correct copies of the above and foregoing Motion To Dismiss and Clear Plaintiff's Credit Reports, was mailed to the persons named in the foregoing Service List at the address therein shown, on the 28th day of April, 2006 and that on the same date said Motion To Dismiss and Clear Plaintiff's Credit Reports was e-filed via the courts Electronic Court Filing System.

S/Patricia M. Scialabba/April28, 2006
Patricia M. Scialabba