**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NGOC HUYNH, | Civil Action No. 08 C 2471 |
| Plaintiff, | Judge Guzman |
| v. | Magistrate Judge Schenkier |
| EXPERIAN INFORMATION SOLUTIONS, INC. and CITIZENS AUTOMOBILE FINANCE, INC., | |
| Defendants. | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER &
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

For its answer to the Complaint, Defendant Experian Information Solutions, Inc. ("Experian") states as follows:

1.     Plaintiff Ngoc Huynh files this action seeking relief for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. .§ 1681 et seq., ("FCRA") and Defendant Citizens Automobile Finance, Inc.'s breach of a settlement agreement.

**RESPONSE:**          Experian admits that Plaintiff purports to bring a claim against Experian based upon the allegations contained in this paragraph. Experian denies that Plaintiff is entitled to any of the relief requested from Experian. Experian is without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, to the extent they are directed at parties other than Experian. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in this paragraph.

2.     The FCRA requires creditors to provide accurate information to credit reporting agencies and to conduct proper investigations of disputed information. *See* 15 U.S.C. § 1681s-2.

**RESPONSE:**          Experian states that this paragraph is a legal conclusion which is not subject to denial or admission. To the extent that a response is necessary, Experian affirmatively

states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of this paragraph inconsistent therewith.

3.    The FCRA also requires credit reporting agencies to report accurate information and to conduct proper reinvestigations of disputed information. *See* 15 U.S.C. § 1681e(b) and § 1681i(a).

**<u>RESPONSE:</u>**        Experian states that this paragraph is a legal conclusion which is not subject to denial or admission.  To the extent that a response is necessary, Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of this paragraph inconsistent therewith.

### Parties

4.    Plaintiff Ngoc Hyunh is an individual residing in this district.

**<u>RESPONSE:</u>**        Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.    Defendant Experian Information Solutions, Inc. is a foreign corporation with a registered agent in this district at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

**<u>RESPONSE:</u>**        Experian admits that it is an Ohio corporation, and is qualified to do business and does conduct business in the State of Illinois.  Experian further admits that it has a registered agent for service of process in Chicago, Illinois at the address listed.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in this paragraph.

6.    Defendant Citizens Automobile Finance, Inc. ("Citizens" or "Citizens Auto") is a foreign corporation regularly doing business in this district through the purchase of automobile retail installment contracts.

**<u>RESPONSE:</u>**        Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Jurisdiction and Venue**

7.      Federal question jurisdiction arises under the FCRA, 15 U.S.C. § 1681p. Supplemental jurisdiction over the state law claims exists pursuant to 28 U.S.C. § 1367.

**RESPONSE:**      Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and 28 U.S.C. § 1367.  Experian states that these are legal conclusions which are not subject to denial or admission.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in this paragraph.

8.      Venue is proper in this district because the acts giving rise to this action occurred here.

**RESPONSE:**      Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Factual Allegations**

9.      In April of 2005, Plaintiff Ngoc Huynh, a Vietnamese immigrant, was the victim of a fraudulent automobile financing scam.

**RESPONSE:**      Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10.      Without his knowledge, Westgate Lincoln Mercury assigned two retail installment contracts in Huynh's name, for the purchase of two Lincoln Navigators, to banks. One contract – for a 2005 Lincoln Navigator VIN 5LMFU27575LJ18525 – was assigned to Bank of America. The second contract – for a 2005 Lincoln Navigator VIN 5LMFU28535LJ22229 – was assigned to Citizens Auto Finance.

**RESPONSE:**      Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11.      On July 6, 2005, Ngoc Huynh filed a complaint against Westgate Lincoln Mercury, Citizens Auto Finance, and Bank of America, seeking relief from the fraudulently procured retail installment contracts. A copy of the complaint, assigned Case No. 05 C 3936, is attached hereto as Exhibit A.

**RESPONSE:**          Experian admits that Exhibit A appears to be a copy of a Complaint filed

by Plaintiff on July 6, 2005 in Case No. 05 C 3936.  Except as specifically admitted, Experian is

without information sufficient to form a belief as to the truth of the allegations contained in this

paragraph.

12.     On or about February 14, 2006, Huynh sent a notice of dispute under the Fair
Credit Reporting Act to Bank of America, Citizens Auto Finance, Equifax, Experian, and
TransUnion. The dispute notice explained the pending litigation and requested that the tradelines
for the Bank of America and Citizens Auto Finance automobile accounts be either deleted or, at
a minimum, marked as disputed.

**RESPONSE:**          Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

13.     On or about April 21, 2006, Westgate Lincoln Mercury filed a Motion to Dismiss
and Clear Plaintiff's [Ngoc Huynh] Credit Reports in Case No. 05 C 3936. *See* Exhibit B. The
Motion, presented by Westgate Lincoln Mercury, Citizens Auto Finance, and Ngoc Huynh,
advised the court that all matters had been resolved pursuant to settlement and requested that the
credit reporting bureaus delete any and all entries regarding the automobile transactions at issue.

**RESPONSE:**          Experian admits that Exhibit B appears to be a copy of a Motion to

Dismiss in Case No. 05 C 3936.  Experian affirmatively states that Exhibit B speaks for itself

and, on that basis, denies any allegations of this paragraph inconsistent therewith.  Except as

specifically admitted, Experian is without information sufficient to form a belief as to the truth of

the allegations contained in this paragraph.

14.     The certificate of service for the Motion shows that notice of the motion was
provided to TransUnion, Experian, and Equifax. *See* Exhibit B.

**RESPONSE:**          Experian admits that what purports to be an Experian address is listed on

the certificate of service on the Motion attached at Exhibit B.  Except as specifically admitted,

Experian is without information sufficient to form a belief as to the truth of the allegations

contained in this paragraph.

15.     On or about May 1, 2006, no objection from TransUnion, Experian or Equifax being received, the court granted the parties' Motion to Dismiss and Clear Plaintiff's [Ngoc Huynh] Credit Reports.

**RESPONSE:**          Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

16.     Despite the court order, on or about January 27, 2007, Citizens sent Huynh a "Notice of Repossession, Redemption Rights and Deficiency Balance Obligation Under State Law" as to the same 2005 Lincoln Navigator VIN 5LMFU28535LJ22229 that had been the subject of the federal lawsuit, Case No. 05 C 3936.

**RESPONSE:**          Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

17.     The January 27, 2007 Notice falsely stated that Citizens had repossessed the Lincoln Navigator due to Huynh's default.

**RESPONSE:**          Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

18.     On or about March 14, 2007, Citizens' Asset Recovery Department wrote Huynh another letter, once again stating that Huynh had defaulted on his obligation to pay pursuant to the terms of the retail installment contract for the Lincoln Navigator. Citizens claimed that the vehicle was "lawfully repossessed and sold at a private auction."

**RESPONSE:**          Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

19.     Among other charges, including principal and interest, Citizens sought to collect repossession fees, an auction fee, and "other expenses."

**RESPONSE:**          Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

20.     On or about March 22, 2007, Citizens sent Huynh yet another letter demanding payment. Citizens' March 22, 2007 correspondence claimed a balance due of $63,724.50, which included the repossession and auction fees. The March 22, 2007 letter went on to state that if Huynh did not accept one of the payment offers, Citizens could refer his account to its attorney or a collection agency for further action.

**RESPONSE:**            Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

21.    In light of Citizens' continuing collection efforts, Huynh checked his consumer credit report and learned that Experian was still reporting the Citizens account as: "Account charged off. $64,790 written off. $72,526 past due as of Sep 2005."

**RESPONSE:**            Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

22.    Additionally, Citizens apparently did refer Huynh's account out for collection, as threatened in its March 22, 2007 letter, because on or about May 14, 2007, Credit Collection Services in Newton, Massachusetts sent Huynh a collection letter demanding payment of $63,761.50 on the Citizens Automobile Finance account.

**RESPONSE:**            Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

23.    Huynh promptly disputed the debt, explaining that the debt was not owed and advising Credit Collection Services to double-check his account with Citizens. Huynh's dispute letter to Credit Collection Services was sent by fax on June 1, 2007.

**RESPONSE:**            Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

24.    In August of 2007, Huynh had trouble with his application for a home loan with MidAmerica Bank. When MidAmerica Bank pulled his credit, Citizens was still reporting a past due amount owed of $72,526.

**RESPONSE:**            Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

25.    Therefore, on or about September 10, 2007, Huynh followed up his dispute with Credit Collection Services with another dispute letter. This letter was sent via regular and certified mail, return receipt requested, to Citizens' Asset Recovery Department and the three national credit reporting bureaus – Equifax, Experian, and TransUnion.

**RESPONSE:**            Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

26.    Huynh's September 10, 2007 dispute enclosed: (a) his previous February 14, 2006 dispute letter, sent to both Citizens and Experian; (b) the motion to clear Huynh's credit reports as to the Citizens Auto Finance account; and (c) the May 1, 2006 court order granting the motion to clear Huynh's credit report.

**<u>RESPONSE:</u>**         Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

27.    On September 28, 2007, Experian confirmed that it had received Huynh's September 10, 2007 dispute and advised it bad begun its investigation.

**<u>RESPONSE:</u>**         Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

28.    Citizens' Asset Recovery Department also received Huynh's certified mail dispute, as evidenced by its return of a signed certified mail card.

**<u>RESPONSE:</u>**         Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

29.    Despite its receipt of the dispute, on or about November 1, 2007, Citizens' Asset Recovery Department sent another letter to Huynh, threatening legal action to collect the alleged deficiency balance.

**<u>RESPONSE:</u>**         Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

30.    When Huynh checked his Experian credit report on November 6, 2007. Experian reported that it had investigated Huynh's dispute with Citizens and "updated" its records. However, the report reflected Citizens as:

Status: Account charged off. $64,790 written off. $63,761 past due as of Oct 2007.

Account history:

Charge off as of Oct 2007, Sep 2005

This account is scheduled to continue on record until Jan 2012.

This item was verified and updated on Oct 2007.

**<u>RESPONSE:</u>**         Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

31.     As of January 30, 2008, Experian was still reporting a Citizens balance of $63,761.00 as a charge-off on Huynh's credit report.

**RESPONSE:**          Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

32.     The Citizens' tradeline did not appear on Huynh's Equifax or TransUnion reports.

**RESPONSE:**          Experian is without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

## COUNT I

### Violations of the FCRA Against Defendant Experian

33.     Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-32 as if set forth fully in this Count.

**RESPONSE:**          Experian hereby restates, realleges, and incorporates herein by reference

its responses to paragraphs 1-32 as if set forth fully in this Count.

34.     Upon information and belief, Experian is a "consumer reporting agency," as that term is defined in § 1681(f) of the FCRA.

**RESPONSE:**          Admitted.

35.     Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined in § 1681(d).

**RESPONSE:**          Experian admits that it is a consumer reporting agency as defined by 15

U.S.C. § 1681(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681(d).

Except as specifically admitted, Experian denies, generally and specifically, each and every

remaining allegation in this paragraph.

36.     Experian violated § 1681e(b) of the FCRA by failing to establish or to follow reasonable procedures to ensure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

**RESPONSE:**          Experian denies, generally and specifically, each and every allegation in

this paragraph.

37.     Experian also violated § 1681i of the FCRA on multiple occasions by failing to, (a) properly reinvestigate disputed information, and (b) delete inaccurate information in the Plaintiff's credit file after receiving repeated notice of the inaccuracies.

**RESPONSE:**          Experian denies, generally and specifically, each and every allegation in

this paragraph, including all subparagraphs therein.

38.     Despite being sent two consumer disputes and notice of a court motion to clear the Plaintiff's credit report, Experian has reported and continues to report inaccurate information about Ngoc Huynh's liability for the Citizens Automobile Finance account.

**RESPONSE:**          Experian denies, generally and specifically, each and every allegation in

this paragraph.

39.     Experian has caused Plaintiff to suffer actual damage by willfully and/or negligently reporting false credit information about Plaintiff in that Plaintiff had trouble obtaining financing, had to spend time, effort, and money trying to fix the problem, and was subjected to great stress, embarrassment, and anxiety.

**RESPONSE:**          Experian denies, generally and specifically, each and every allegation in

this paragraph.

40.     Experian's FCRA violations are willful and subject Experian to liability under § 1681n.

**RESPONSE:**          Experian states that this paragraph is a legal conclusion which is not

subject to denial or admission.  To the extent that a response is necessary, Experian denies,

generally and specifically, each and every allegation in this paragraph.

41.     Alternatively, or in addition to the preceding paragraph, Experian's FCRA violations are negligent and subject Experian to liability under § 1681o.

**RESPONSE:**          Experian states that this paragraph is a legal conclusion which is not

subject to denial or admission.  To the extent that a response is necessary, Experian denies,

generally and specifically, each and every allegation in this paragraph.

WHEREFORE, Plaintiff Ngoc Huynh respectfully requests that this Court enter judgment in his favor and against Defendant Experian and award the following:

(A)     Actual and/or statutory damages;

(B)     Punitive damages;

(C)     Reasonable attorneys fees and costs; and

(D)     Such other relief as the Court deems just and proper.

**RESPONSE:**          Experian denies, generally and specifically, that Plaintiff is entitled to any of the relief sought in this action.

## COUNT II

### Violations of the FCRA Against Defendant Citizens Auto

**RESPONSE:**          The allegations contained in Paragraphs 42 through 48 of Count II pertain to a party other than Experian and therefore do not require a response from Experian.  To the extent that a response is necessary, Experian is without information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 42 through 48 of Count II.

## COUNT III

### Breach of a Settlement Agreement Against Defendant Citizens Auto

**RESPONSE:**          The allegations contained in Paragraphs 49 through 53 of Count III pertain to a party other than Experian and therefore do not require a response from Experian.  To the extent that a response is necessary, Experian is without information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 49 through 53 of Count III.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

### <u>(FAILURE TO STATE A CLAIM)</u>

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE

### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE

### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE

### (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

### (LACHES)

The Complaint and each claim for relief therein is barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action

be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated: June 10, 2008                          Respectfully submitted,

                                              /s/ Katie M. Poleon
                                              Katie M. Poleon (#6287107)
                                              JONES DAY
                                              77 West Wacker
                                              Chicago, IL  60601-1692
                                              Telephone:  (312) 782-3939
                                              Facsimile:  (312) 782-8585
                                              E-mail:  kpoleon@jonesday.com

                                              Counsel for Defendant
                                              EXPERIAN INFORMATION SOLUTIONS,
                                              INC.

<u>**CERTIFICATE OF SERVICE**</u>

I, Katie M. Poleon, an attorney, certify that on May 21, 2008, I filed the foregoing **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses on file with the Court:

Stacy Michelle Bardo
Allison Amy Krumhorn
Lance A. Raphael
Consumer Advocacy Center
180 W. Washington, Suite 700
Chicago, IL 60602
(312) 782-5808
Email: stacy@caclawyers.com
Email: allison@caclawyers.com
Email: lance@caclawyers.com
*Attorneys for Plaintiff*


/s/ Katie M. Poleon
Katie M. Poleon

CHI-1649952