IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NGOC HUYNH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 2471 |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | ) | Judge Guzman |
| and CITIZENS AUTOMOBILE FINANCE, INC., | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT, CITIZENS AUTOMOBILE FINANCE, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES the defendant, CITIZENS AUTOMOBILE FINANCE, INC. (Citizens), by and through its attorneys, NIGRO & WESTFALL, P.C., and as its answer to plaintiff's complaint, states the following:

1. Plaintiff, Ngoc Huynh, files this action seeking relief for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (FCRA) and Defendant Citizens Automobile Finance, Inc.'s breach of a settlement agreement.

**ANSWER:** Citizens admits the allegations contained in this paragraph.

2. The FCRA requires creditors to provide accurate information to credit reporting agencies and to conduct proper investigations of disputed information. *See* 15 U.S.C. §1681s-2.

**ANSWER:** Citizens admits the allegations contained in this paragraph.

3. The FCRA also requires credit reporting agencies to report accurate information and to conduct property reinvestigations of disputed information. *See* 15 U.S.C. §1681e(b) and §1681i(a).

**ANSWER:** Citizens admits the allegations contained in this paragraph.

**PARTIES**

4. Plaintiff, Ngoc Huynh, is an individual residing in this district.

**ANSWER:**   Citizens admits the allegations contained in this paragraph.

5.      Defendant, Experian Information Solutions, Inc. is a foreign corporation with a registered agent in this District at 208 S. LaSalle Street, 814, Chicago, Illinois 60604

**ANSWER:**   Citizens is without information sufficient to form a belief as to the truth of

these allegations contained in this paragraph.

6.      Defendant, Citizens Automobile Finance, Inc. ("Citizens" or "Citizens Auto") is a foreign corporation regularly doing business in this District through the purchase of automobile retail installment contracts.

**ANSWER:**   Citizens admits the allegations contained in this paragraph.

## JURISDICTION AND VENUE

7.      Federal question jurisdiction arises under the FCRA, 15 U.S.C. §1681p. Supplemental jurisdiction over the state law claims exists pursuant to 28 U.S.C. §1367.

**ANSWER:**   Citizens admits the allegations contained in this paragraph.

8.      Venue is proper in this District because the acts giving rise to this action occurred here.

**ANSWER:**   Citizens admits the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

9.      In April of 2005, plaintiff Ngoc Huynh, a Vietnamese immigrant, was the victim of a fraudulent financing scam.

**ANSWER:**   Citizens admits that plaintiff is a Vietnamese immigrant and was so in April of 2005. Citizens further admits that Ngoc Huynh alleges he was a victim of a fraudulent financing scam. Citizens states the remaining allegation in this paragraph is an unsubstantiated legal conclusion and, as such, is not subject to denial or admission.

10.     Without his knowledge, Westgate Lincoln Mercury assigned two retail installment contracts in Huynh's name, for the purchase of two Lincoln Navigators, to banks. One contract – for a 2005 Lincoln Navigator VIN 5LMFU27575LJ18525 – was assigned to Bank of America. The second contract – for a 2005 Lincoln Navigator VIN 5LMFU28535LJ22229 – was assigned to Citizens Auto Finance.

**ANSWER:**   Citizens admits that Westgate Lincoln Mercury assigned two retail installment contracts in Huynh's name, for the purchase of two Lincoln Navigators, to

banks.  One contract – for a 2005 Lincoln Navigator VIN 5LMFU27575LJ18525 – was assigned to Bank of America.  The second contract – for a 2005 Lincoln Navigator VIN 5LMFU28535LJ22229 – was assigned to Citizens Auto Finance and states it is without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

11. On July 6, 2005, Ngoc Huynh filed a complaint against Westgate Lincoln Mercury, Citizens Auto finance, and Bank of America, seeking relief from the fraudulently procured retail installment contracts.  A copy of the complaint, assigned Case No. 05 C 3936 is attached hereto as Exhibit A.

**ANSWER:** Citizens admits that plaintiff filed a complaint against Westgate Lincoln Mercury, Citizens Auto Finance and Bank of America seeking relief from retail installment contracts alleged to be fraudulent and that Exhibit A is a copy of the referenced complaint.

12. On or about February 14, 2006, Huynh sent a notice of dispute under the Fair Credit Reporting Act to Bank of America, Citizens Auto Finance, Equifax, Experian and TransUnion.  The dispute notice explained the pending litigation and requested that the tradelines for the Bank of America and Citizens Auto Finance automobile accounts be either deleted or, at a minimum, marked as disputed.

**ANSWER:** Citizens admits the allegations contained in this paragraph.

13. On or about April 21, 2006, Westgate Lincoln Mercury filed a Motion to Dismiss and Clear Plaintiff's [Ngoc Huynh) Credit Reports in Case No. 05 C 3936.  *See* Exhibit B.  The Motion, presented by Westgate Lincoln Mercury, Citizens Auto Finance and Ngoc Huynh, advised the court that all matters had been resolved pursuant to settlement and requested that the credit reporting bureaus delete any and all entries regarding the automobile transactions at issue.

**ANSWER:** Citizens admits the allegations contained in this paragraph.

14. The certificate of service for the Motion shows that notice of motion was provided to TransUnion, Experian and Equifax.  *See*  Exhibit B.

**ANSWER:** Citizens admits the allegations contained in this paragraph.

15. On or about May 1, 2006, no objection from TransUnion, Experian or Equifax being received, the court granted the parties' Motion to Dismiss and Clear Plaintiff's [Ngoc Huynh] Credit Reports.

**ANSWER:** Citizens admits the allegations contained in this paragraph.

16. Despite the court order, on or about January 27, 2007 Citizens sent Huynh a "Notice of Repossession, Redemption Rights and Deficiency Balance Obligation Under

State Law" as to the same 2005 Lincoln Navigator, VIN 5LMFU28535LJ22229 that had been the subject of the federal lawsuit, Case No. 05 C 3936.

**ANSWER:**   Citizens is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Citizens has been unable to find a copy of the notice in question, the notice was not attached as an exhibit to the complaint and, although Citizens has requested plaintiff provide a copy of the notice, plaintiff has yet to do so.

17. The January 27, 2007 Notice falsely stated that Citizens had repossessed the Lincoln Navigator due to Huynh's default.

**ANSWER:**   Citizens is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Citizens has been unable to find a copy of the notice in question, the notice was not attached as an exhibit to the complaint and, although Citizens has requested plaintiff provide a copy of the notice, plaintiff has yet to do so.

18. On or about March 14, 2007, Citizens Asset Recovery Department wrote Huynh another letter, once again stating that Huynh had defaulted on his obligation to pay pursuant to the terms of the retail installment contract for the Lincoln Navigator. Citizens claimed that the vehicle was "lawfully repossessed and sold at a private auction."

**ANSWER:**   Citizens admits the allegations contained in this paragraph.

19. Among other charges, including principal and interest, Citizens sought to collect repossession fees, an auction fee, and "other expenses".

**ANSWER:**   Citizens admits the allegations contained in this paragraph.

20. On or about March 22, 2007, Citizens sent Huynh yet another letter demanding payment.  Citizens' March 22, 2007 correspondence claimed a balance due of $63,724.50, which included the repossession and auction fees.  The March 22, 2007 letter went on to state that if Huynh did not accept one of the payment offers, Citizens could refer his account to its attorney or a collection agency for further action.

**ANSWER:**   Citizens is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Citizens has been unable to find a copy of the letter in question, the letter was not attached as an exhibit to the complaint and, although Citizens has requested plaintiff provide a copy of the letter, plaintiff has yet to do so.

21. In light of Citizens' continuing collection efforts, Huynh checked his consumer credit report and learned that Experian was still reporting the Citizens' account as: "Account charged off.  $64,790 written off.  $72,526 past due as of Sep. 2005".

**ANSWER:** Citizens is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. Additionally, Citizens apparently did refer Huynh's account out for collection, as threatened in its March 22, 2007 letter, because on or about May 14, 2007, Credit Collection Services in Newton, Massachusetts sent Huynh a collection letter demanding payment of $63,761.50 on the Citizens Automobile Finance account.

**ANSWER:** Citizens admits referring plaintiff's account for collection. Citizens is without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. Citizens has been unable to find a copy of the May 14, 2007 letter, the letter was not attached as an exhibit to the complaint and, although Citizens has requested plaintiff provide a copy of the letter, plaintiff has yet to do so.

23. Huynh promptly disputed the debt, explaining that the debt was not owed and advising Credit Collection Services to double-check his account with Citizens. Huynh's dispute letter to Credit Collection Services was sent by fax on June 1, 2007.

**ANSWER:** Citizens admits that plaintiff disputed the debt but is without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. Citizens has been unable to find a copy of the June 1, 2007 fax, the fax was not attached as an exhibit to the complaint and, although Citizens has requested plaintiff provide a copy of the fax, plaintiff has yet to do so.

24. In August of 2007, Huynh had trouble with his application for a home loan with MidAmerica Bank. When MidAmerica Bank pulled his credit report, Citizens was still reporting a past due amount owed of $72,526.

**ANSWER:** Citizens is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. Therefore, on or about September 10, 2007, Huynh followed up his dispute with Credit Collection Services with another dispute letter. This letter was sent via regular and certified mail, return receipt requested, to Citizens' Asset Recovery Department and the three national credit reporting bureaus – Equifax, Experian and TransUnion.

**ANSWER:** Citizens admits that on or about September 19, 2007, Huynh followed up his dispute with Credit Collection Services with another dispute letter. This letter was sent via regular and certified mail, return receipt requested, to Citizens' Asset Recovery Department and the three national credit reporting bureaus – Equifax, Experian and TransUnion.

26. Huynh's September 10, 2007 dispute enclosed: (a) his previous February 14, 2006 dispute letter, sent to both Citizens and Experian; (b) the motion to clear

Huynh's credit reports as to the Citizen's Auto Finance account; and (c) the May 1, 2006 court order granting the motion to clear Huynh's credit report.

**ANSWER:**    Citizens admits that Huynh's September 19, 2007 dispute enclosed: (a) his previous February 14, 2006 dispute letter, sent to both Citizens and Experian; and (b) the motion to clear Huynh's credit reports as to the Citizen's Auto Finance account. Citizens denies the remaining allegations of this paragraph.

27.    On September 28, 2007, Experian confirmed that it had received Huynh's September 10, 2007 dispute and advised it had begun its investigation.

**ANSWER:**    Citizens is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28.    Citizens' Asset Recover Department also received Huynh's certified mail dispute, as evidenced by its return of a signed certified mail card.

**ANSWER:**    Citizens admits receiving Huynh's certified mail September 19, 2007 dispute letter and denies the remaining allegations contained in this paragraph.

29.    Despite its receipt of the dispute, on or about November 1, 2007 Citizens' Asset Recovery Department sent another letter to Huynh threatening legal action to collect the alleged deficiency balance.

**ANSWER:**    Citizens is without information sufficient to form a belief as to the truth of thee allegations contained in this paragraph. Citizens has been unable to find a copy of the letter in question, the letter was not attached as an exhibit to the complaint and, although Citizens has requested plaintiff provide a copy of the letter, plaintiff has yet to do so.

30.    When Huynh checked his Experian credit report on November 6, 2007, Experian reported that it had investigated Huynh's dispute with Citizens and "updated" its records. However, the report reflected Citizens as:

Status:  Account charged off.  $64,790 written off.  $63,761 past due as of Oct. 2007.

Account History:

Charge off as of Oct 2007, Sep. 2005

This account is scheduled to continue on record until Jan 2012.

This item was verified and updated on Oct 2007.

**ANSWER:** Citizens is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31. As of January 30, 2008, Experian was still reporting a Citizens balance of $63,761.00 as a charge-off on Huynh's credit report.

**ANSWER:** Citizens is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. The Citizens' tradeline did not appear on Huynh's Equifax or TransUnion reports.

**ANSWER:** Citizens admits the allegations contained in this paragraph.

## COUNT I
### Violations of the FCRA against Defendant Experian

The allegations contained in Count I are not directed against Citizens Automobile Finance and, as such, do not require the response of this defendant. To the extent that a response is necessary, Citizens is without information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 33 through 41.

## COUNT II
### Violations of the FCRA against Defendant Citizens Auto

42. Plaintiff hereby restates, realleges and incorporates herein by reference paragraphs 1 – 32 as if fully set forth fully in this Count.

**ANSWER:** Citizens restates, realleges and incorporates herein by reference its responses to paragraphs 1 – 32 as if fully set forth in this Count.

43. 15 U.S.C. §1681s-2 prohibits a furnisher of information to consumer reporting agencies from reporting information relating to a consumer that it knows or has reasonable cause to belief is inaccurate.

**ANSWER:** Citizens admits the allegations contained in this paragraph.

44. 15 U.S.C. §1581s-2(b) sets forth the duties furnishers of information have upon notice of a dispute.

**ANSWER:** Citizens admits the allegations contained in this paragraph.

45.     Citizens Auto violated §1681s-2(b) by willfully and/or negligently failing to comply with the FCRA's requirement that it fully and properly investigate plaintiff's dispute and by failing to correctly report results of an accurate investigation to one or more credit bureaus.

**ANSWER:**     Citizens admits it violated §1681s-2(b) by negligently failing to comply with the FCRA's requirement that it fully and properly investigate plaintiff's dispute and by failing to correctly report results of an accurate investigation to one or more credit bureaus and denies the remaining allegations of this paragraph.

46.     Citizens Auto has caused plaintiff to suffer actual damage by willfully and/or negligently reporting false credit information about plaintiff in that plaintiff had trouble obtaining financing, had to spend time, effort and money trying to fix the problem and was subjected to great stress, embarassment and anxiety.

**ANSWER:**  Citizens denies the allegations contained in this paragraph.

47.     Citizen's Auto's FCRA violations are willful and subject it to liability under §1681n.

**ANSWER:**     Citizens denies the allegations contained in this paragraph.

48.     Alternatively, or in addition to the proceeding paragraph, Citizens Auto's FCRA violations are negligent and subject to liability under §16810.

**ANSWER:**     Citizens admits the allegations contained in this paragraph.

## COUNT III
## Breach of a Settlement Agreement Against Defendant Citizens Auto

49.     Plaintiff hereby restates, realleges and incorporates herein by reference paragraphs 1-32 as if set forth fully in this Count,

**ANSWER:**     Citizens restates, realleges and incorporates herein by reference its responses to paragraphs 1 – 32 as if fully set forth in this Count.

50.     Pursuant to certain documents (not for public dissemination) exchanged between Citizens and Huynh, and according to the representations publicly filed in Westgate Lincoln Mercury's Motion to Dismiss and Clear Plaintiff's [Ngoc Huynh] Credit Reports, which motion was agreed to by Citizens Auto, Citizens agreed to request that Huynh's credit reports be updated to delete any and all references to the automobile transaction involving the Lincoln Navigator.

**ANSWER:**     Citizens admits the allegations contained in this paragraph.

51. Citizens breached this agreement and further, continued to harass plaintiff demanding payment of a settled account.

**ANSWER:** Citizens admits it breached this agreement and continued to demand payment of a settled account and denies the remaining allegations of this paragraph.

52. Citizens' conduct caused plaintiff to suffer damage to his credit and forced him to spend time and money lodging repeated disputes, to no avail.

**ANSWER:** Citizens is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

53. Citizens' conduct further caused Plaintiff anxiety, stress and fear by virtue of its repeated demands for payment and threats of continued collection and legal action.

**ANSWER:** Citizens is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

                                        Respectfully submitted
                                        **CITIZENS AUTO FINANCE, INC.,**

                              BY:   /s/_____
                                        Craig C. Westfall, One of Defendant's
                                        Attorneys

Nigro & Westfall, P.C.
1793 Bloomingdale Road
Glendale Heights, IL  60139
(630) 682-9872
ARDC No. 02990520